UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,
v.                                                       Hon. Paul L. Maloney

ADELSO VAIL-ALONSO,                      Case No. 1:18-cr-00081

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Pursuant to W.D. Mich. LCrR. 11.1, I conducted a plea hearing in the captioned case on April 26, 2018, after receiving the written consent of defendant and all counsel. There is no written plea agreement. At the hearing, defendant Adelso Vail-Alonso entered a plea of guilty to the Indictment charging defendant with alien felon reentry, in violation of 8 U.S.C. § 1326(a) and (b)(1). On the basis of the record made at the hearing, I find that defendant is fully capable and competent to enter an informed plea; that the plea is made knowingly and with full understanding of each of the rights waived by defendant; that it is made voluntarily and free from any force, threats, or promises; that the defendant understands the nature of the charge and penalties provided by law; and that the plea has a sufficient basis in fact.

I therefore recommend that defendant's plea of guilty to the Indictment be accepted and that the court adjudicate defendant guilty. Acceptance of the plea, adjudication of guilt, and imposition of sentence are specifically reserved for the district judge.

2

Dated: April 26, 2018                                               /s/ Ellen S. Carmody
                                                                   ELLEN S. CARMODY
                                                                   U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).